**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ELIZABETH CARLEY, | 2:17-cv-02346-JAD-VCF |
| Plaintiff, | **ORDER** |
| vs. | MOTION TO STRIKE [ECF NO. 23] |
| WARDEN NEVEN, *et al.*, | |
| Defendants. | |

Before the Court is Defendants James Cox, James Dzurenda, Leilani Flores, and Dwight Neven's Motion to Strike Plaintiff's Amended Civil Rights Complaint. (ECF No. 23). For the reasons stated below, the motion to strike is denied.

## BACKGROUND

Plaintiff Elizabeth Carley's original complaint was filed on July 17, 2018. (ECF No. 5). The original complaint brings a deliberate indifference to medical needs claim under the Eighth Amendment against the Defendants in their official capacities. (*Id.*). In screening the complaint, the Court found the Plaintiff stated, "a colorable deliberate-indifference claim against all of these defendants." (ECF No. 4 at 5). The first answer to the complaint was filed on December 14, 2018. (ECF No. 18).

Plaintiff filed an amended complaint on January 7, 2019 without first filing a motion to amend. (ECF No. 20). The amended complaint contains the same claim against the same Defendants. (*Compare* ECF No. 5 at 2-5 with ECF No. 20 at 2-9). The amended complaint contains two substantive changes: (1) the claim is brought against Defendants in their individual and official capacities and (2) there are additional details regarding Plaintiff's health concerns and possible treatment. (ECF No. 20 at 2-9).

Defendants now move to strike the amended complaint. (ECF No. 23). Defendants argue that Plaintiff could not amend the complaint without leave of Court, as the time to do so had passed. (*Id.* at 2-3). In response, Plaintiff, who is incarcerated, argues that she mailed her amended complaint within the timeframe to amend without the leave of Court, but it was not filed until after the deadline passed. (ECF No. 24 at 1). If the amended complaint was untimely, Plaintiff asks for leave of Court to amend her complaint. (*Id.* at 2-3). In their reply, Defendants asks that the Court, if it is not inclined to strike the amended complaint, to screen the amended complaint under 28 U.S.C. § 1915A. (ECF No. 30 at 2).

**DISCUSSION**

"A party may amend its pleading once as a matter of course…21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(1)(2).

The Court need not rule on whether Plaintiff's amended complaint, mailed during the 21-day period specified in Federal Rule of Civil Procedure 15(a)(1) but filed after the deadline passed, was timely. Under the circumstances of the case, the Court grants Plaintiff leave to amend her complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). All of the factors weigh in favor of granting Plaintiff leave to amend, as it is very early in the case and Defendants will not be prejudiced by the amendment.

Under 28 U.S.C. § 1915A, the Court shall screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss any portion that "is frivolous, malicious, or fails to state a claim upon which relief may be granted;

2

or…seeks monetary relief from a defendant who is immune from such relief." Plaintiff brings suit against governmental employees, and her amended complaint must be screened under 28 U.S.C. § 1915A.

The Court previously screened Plaintiff's original complaint and found that Plaintiff stated, "a colorable deliberate-indifference claim against all of these defendants." (ECF No. 4 at 5). Plaintiff's amended complaint brings the same claim against the same Defendants. (*Compare* ECF No. 5 at 2-5 with ECF No. 20 at 2-9). Bringing the claim against Defendants in their individuals as well as official capacity and adding details to the claim has not weakened Plaintiff's claim. Therefore, the Court again finds that Plaintiff has stated a colorable deliberate-indifference claim against Defendants. Because Plaintiff's amended complaint states a colorable claim against Defendants, the motion to strike is denied.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Strike Plaintiff's Amended Civil Rights Complaint (ECF No. 23) is DENIED. Defendants who have appeared must respond to the amended complaint, as the operative complaint, on or before March 1, 2019.

DATED this 19th day of February, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE